IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRAVELERS CASUALTY
& SURETY CO.

    Plaintiff

    v.

EAST COAST WELDING
& CONSTRUCTION CO., INC., et al.

    Defendants

Civil No. BPG-21-1992

**<u>MEMORANDUM OPINION</u>**

Currently pending before the court are plaintiff Travelers Casualty & Surety Company's Motion to Direct Entry of Final Judgment as to Christopher Brown and Anita Brown Pursuant to Federal Rule of Civil Procedure 54(b) ("plaintiff's Motion") (ECF No. 61), defendant East Coast Welding and Construction Co., Inc.'s Opposition to Plaintiff Travelers Casualty & Surety Company's Motion to Direct Entry of Final Judgment as to Christopher Brown and Anita Brown Pursuant to Federal Rule of Civil Procedure 54(b) ("defendant's Opposition") (ECF No. 62), and plaintiff Travelers Casualty & Surety Company's Reply in Support of Its Motion to Direct Entry of Final Judgment as to Christopher Brown and Anita Brown Pursuant to Federal Rule of Civil Procedure 54(b) ("plaintiff's Reply") (ECF No. 63). The issues are fully briefed and no hearing is necessary. Loc. R. 105.6. For the reasons stated herein, plaintiff's Motion is granted.

**I.    BACKGROUND**

On March 9, 2022, plaintiff filed a Motion for Summary Judgment against all defendants—Christopher Brown, Anita Brown, and East Coast Welding & Construction Co., Inc. ("East Coast"). (ECF No. 48). After plaintiff's summary judgment motion was fully briefed, but before

the court ruled on the motion, East Coast filed a Suggestion of Bankruptcy, indicating that East Coast had filed a Petition for Bankruptcy and had initiated bankruptcy proceedings in the United States Bankruptcy Court for the District of Maryland. (ECF No. 54). East Coast's bankruptcy proceedings are ongoing. (ECF No. 61-1 at 2). On December 2, 2022, this court issued a Memorandum Opinion and Order granting summary judgment in favor of plaintiff and against defendants Christopher and Anita Brown in the amount of $168,224.50. (ECF Nos. 57, 58). Still pending before the court, but stayed, is plaintiff's claim against East Coast. On May 30, 2023, plaintiff moved to direct entry of a final judgment against Christopher and Anita Brown pursuant to Federal Rule of Civil Procedure 54(b).

## II.   DISCUSSION

Plaintiff moves for entry of final judgment against Christopher and Anita Brown, stating that (1) the court's order granting summary judgment in favor of plaintiff and against Christopher and Anita Brown constitutes a final judgment and (2) East Coast presents no just reason for delaying the entry of final judgment. (ECF No. 61-1 at 4-6). East Coast objects to the entry of final judgment, arguing that the resolution of the claims against Christopher and Anita Brown does not end this action, and East Coast's bankruptcy proceedings "could have the effect of allowing plaintiff to a dual recovery on the same disputed amounts owing," were the court to enter a final judgment as to Christopher and Anita Brown. (ECF No. 62 at 2). Federal Rule of Civil Procedure 54(b) provides, in pertinent part, that: "[w]hen an action presents more than one claim for relief— whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."

2

"A district court may direct the entry of a final judgment pursuant to Rule 54(b) if there is no just reason for delay and if there has been "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Judicial Watch, Inc. v. Rossotti, 217 F. Supp. 2d 627, 628 (D. Md. 2002) (citing Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7 (1980)); see also Braswell Shipyards, Inc. v. Beazer East, Inc., 2 F.3d 1331, 1335 (4th Cir.1993). Thus, to determine whether an entry of final judgment is appropriate, the court must "make two express determinations. First, the district court must determine that the order it is certifying is a final order. Second, the district court must determine that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case." Oklahoma Tpk. Auth. v. Bruner, 259 F.3d 1236, 1252 (10th Cir. 2001) (citing Curtiss-Wright Corp., 446 U.S. at 7-8).

First, the court must determine whether the Order dated December 2, 2022 was a final judgment within the meaning of Rule 54(b). Plaintiff contends that by granting summary judgment against Christopher and Anita Brown, the court resolved plaintiff's entire claim against them, such that "no further action may be taken by these [d]efendants with respect to the claim." (ECF No. 61-1 at 6). East Coast summarily asserts that the existence of remaining claims against East Coast precludes a finding that the court's December 2, 2022 Order was a final judgment. (ECF No. 62 at 2). "To be considered 'final,' an order must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Oklahoma Tpk. Auth., 259 F.3d at 1242 (quoting Curtiss-Wright Corp., 446 U.S. at 10). Further, "a judgment is not final unless the claims disposed of are separable from the remaining claims[.]" Id. at 1242 (internal citation removed).

3

Here, defendant offers no substantive argument on this issue, but rather suggests that the judgment cannot be final as to any party because claims remain pending against East Coast. (ECF No. 62 at 2). Defendant's argument is clearly contrary to the express language of Rule 54(b), which authorizes the court to enter a final judgment notwithstanding the existence of unresolved claims against other parties. The claims resolved by the court's December 2, 2022 Order (i.e., plaintiff's claims against Christopher and Anita Brown) were separate from the claim against East Coast, which remains to be adjudicated. Further, the claims against Christopher and Anita Brown involve different parties, whose liability is separable. See Oklahoma Tpk. Auth., 259 F.3d at 1243 ("a judgment is not final for the purposes of Rule 54(b) unless the claims resolved are distinct and separable from the claims left unresolved."). As plaintiff notes, no further action remains to be taken against Christopher and Anita Brown, and the court's decision with respect to these defendants is not subject to revision. To the contrary, the court's December 2, 2022 Order is "a decision upon a cognizable claim for relief," Curtiss-Wright Corp., 446 U.S. at 7, and "an ultimate disposition" of the claims against Christopher and Anita Brown. Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956). Thus, the court's December 2, 2022 Order granting summary judgment in favor of plaintiff and against Christopher and Anita Brown is a final judgment within the meaning of Rule 54(b).

Second, the court must "expressly determine[ ] that there is no just reason for delay." Fed. R. Civ. P. 54(b). Plaintiff argues that there is no just reason for delay because plaintiff's claims against East Coast "will be resolved in the corresponding Bankruptcy Proceedings," and the lack of a final judgment has prevented plaintiff from pursuing collection against Christopher and Anita Brown in the interim. (ECF No. 61-1 at 6). East Coast counters that the entry of final judgment must be delayed until after the resolution of its bankruptcy proceedings because the entry of final

judgment "could have the effect of allowing [p]laintiff to a dual recovery on the same disputed amounts owing." (ECF No. 62 at 2). In evaluating whether there is "just reason to delay" entry of a final judgment, the court should consider "judicial administrative interests as well as the equities involved." Braswell Shipyards, Inc., 2 F.3d at 1335.

East Coast states, without explanation, that the bankruptcy proceeding could reduce the current order of judgment such that the Court's December 2, 2022 Order is subject to revision. (ECF No. 62 at 2). This argument is meritless. The court's Memorandum Opinion was expressly limited to resolution of the claims against Christopher and Anita Brown because of East Coast's ongoing bankruptcy proceedings, and therefore, nothing in the court Memorandum Opinion is subject to revision during East Coast's bankruptcy proceedings. (ECF No. 57 at 5-6 n.1). Reducing the court's summary judgment Order to a final judgment does not allow for plaintiff to make a double recovery. Defendants Christopher Brown, Anita Brown, and East Coast are jointly and severally liable, such that anything recovered from Christopher and Anita Brown reduces the overall amount owing, including any amount that could be owed by East Coast. See Nelson-Salabes, Inc. v. Morningside Dev., LLC, 284 F.3d 505, 517 ("joint and several liability" means that the person who has been harmed can sue and recover from both wrongdoers or from either one of the wrongdoers up to the amount of total damages). East Coast has not articulated any other reason to delay entering a final judgment as to the claims against Christopher and Anita Brown.

Plaintiff, on the other hand, argues that the lack of a final judgment as to Christopher and Anita Brown has prevented plaintiff from pursuing "certain post-judgment collection actions, including recording the judgment with certain Maryland State Circuit Courts." (ECF No. 61 at 3). For example, plaintiff attempted to file a copy of the court's December 2, 2022 Order with the Circuit Court for Anne Arundel County, "so as to allow [plaintiff] to execute on certain real

property in the State of Maryland." (ECF No. 61-1 at 3).  Because plaintiff lacked a certified final judgment, plaintiff was unable to take the desired collection actions. (Id. at 4).  Thus, there is no just reason for delay in entering a final judgment in this case.  See Braswell Shipyards, Inc., 2 F.3d at 1336 (when determining whether there is no just reason for delay, a court should consider factors such as economic considerations).  Accordingly, because East Coast offers no just reason for delay and the court finds none, plaintiff's Motion (ECF No. 61) is granted.

### III. CONCLUSION

For the foregoing reasons, plaintiff's Motion (ECF No. 61) is granted.  A separate Order will follow.

Date: August 30, 2023

/s/
Beth P. Gesner
Chief United States Magistrate Judge